(82 N. W. Rep. 423.)

---

NORTHWOOD TRUST AND SAFETY BANK *vs.* AUGUST MAGNUSSON, *et al.*

Opinion filed April 19, 1900.

**Replevin—Complaint—Allegation of Value—Verdict—New Trial.**

> In an action to recover the possession of personal property, the complaint, without referring to items, stated that the total value of the property described in the complaint was $1,500. The answer denied such value, and alleged that the total value of the property was $2,000. The sheriff seized and turned over to plaintiff a portion

only of the property described in the complaint, and in his return described the property so seized by items, and with particularity. The verdict was for defendants, and fixed the value of the property seized by the sheriff, and described in his return, at $2,090. There was no evidence offered of the value of the property seized. A motion for a new trial was made upon the ground, among others, that the verdict as to the value of the property was not justified by the evidence. Pending this motion, by leave of court, defendant filed a remittitur of the excess of the verdict above $1,500, and claimed that plaintiff was bound by the averments in his complaint as to the value of the property in controversy. The motion for a new trial was granted. *Held*, that the order granting a new trial was proper. The allegations and admissions in the pleadings were made with reference to the lump value of certain property described in the complaint, and these could not be resorted to in fixing the value of a different mass of property, viz: that seized by the sheriff.

Appeal from District Court, Grand Forks County; *Fisk*, J.

Action by the Northwood Trust & Safety Bank against August Magnusson and Sven Magnusson. Verdict for defendants. From an order granting a new trial, they appeal.

Affirmed.

*B. G. Skulason,* for appellants.

*Bosard & Bosard,* for respondent.

WALLIN, J. This is an action brought to recover the possession of certain personal property, consisting of horses, colts, cows, calves, grain, farming implements, etc., all of which are particularly described in the complaint, and also described in the affidavit delivered with claim and delivery papers in the action to the sceriff for service. The plaintiff alleges in its complaint that said property (*i. e.* that described in the complaint and affidavit) is of the gross value of $1,500, and further alleges title and ownership as a basis for its alleged right of possession. The complaint also avers that the defendants unlawfully detained the property from the plaintiff. The answer denies the plaintiff's allegation of ownership, and sets up title in the defendants, and further sets up a claim of damages in the sum of $500 for the alleged unlawful taking and detention of the property by the plaintiff. The answer denies, further, that the property described in the complaint is of the value of $1,500, and alleges its true value to be $2,000. The verdict was as follows: "We, the jury in the above-entitled action, find that the defendants are the owners and entitled to the possession of the personal property described in the sheriff's return; and we further find that the value of the said personal property is the sum of ($2,090.00) two thousand ninety dollars, with interest." The verdict further awarded the defendants $300 as damages suffered on account of the taking and detention of said property by the plaintiff.

Among other evidence adduced at the trial was the return of the sheriff in the claim and delivery proceeding. That part of such return which is now material is as follows: "After search and inquiry, the other articles of property mentioned in said affidavit

could not be found." A comparison of the return with the affidavit reveals the fact that a portion of the property described in said affidavit, as well as in the complaint, was not seized or taken out of the defendants' possession or turned over to the plaintiff by the sheriff. It is manifest that the jury, after finding that defendants were the owners and entitled to possession of certain property, viz: the property taken by the sheriff out of the defendants' possession by the claim and delivery proceedings in this action, proceeded to fix the value of such property, and no other property. Their verdict so declares in unmistakable terms, and the verdict is conclusive upon the question as to what particular property was valued by the jury. This is made doubly certain by reference to the instructions given to the jury by the trial court, as follows: "'At the time the papers were served the sheriff of this county, under and by virtue of claim and delivery proceedings, took from the possession of the defendants certain of the property described in the complaint, and the same, not having been rebonded by the defendants, was turned over to the plaintiff bank; and it is this property alone with which you are to deal, a description of which will be submitted to you with the exhibits in the case."

Upon a settled statement of the case a motion for a new trial was made in plaintiff's behalf upon numerous specifications of error, but we shall have occasion to mention but one, viz: that the verdict was not justified by the evidence, particularly in this: that there was no evidence in the case that the property was worth $2,090, and no evidence of any value whatsoever. Pending the motion, and before the same was finally submitted, the defendants' counsel, by leave of the trial court, filed a remittitur, whereby the defendants remitted from the verdict the sum of $590, leaving a verdict for the sum of $1,500 and interest as and for the value of the property, to which was added $300 as defendants' damages for the detention. After hearing counsel and considering the remittitur, the trial court granted the motion for a new trial, and in its order granting the motion the court uses the following language: "The above order is made wholly on the ground that the evidence as to the value of the property in controversy is insufficient to justify the verdict." Counsel for defendants contend that, inasmuch as the value of the property described in the complaint is alleged in the complaint to be. $1,500, plaintiff is estopped from denying that value, and that, defendants having remitted from the verdict the excess above the alleged value, no evidence of value is requisite to a valid verdict upon the matter of value. But the reasoning of counsel embodies a manifest fallacy. It overlooks the decisive fact that the jury could not lawfully, and did not in fact, attempt to place any value upon the property which the complaint averred was of the total value of $1,500. The jury placed a value upon a portion only of the property described in the complaint, viz: that portion which the sheriff seized and described in his return, and turned over to the plaintiff. The property actually seized had never been mentioned

or valued in the complaint; nor did the answer, in responding to the allegations of the complaint, have reference to the value of the property subsequently seized by the sheriff, and later valued by the jury, as appears by the terms of their verdict. In order to recover a judgment for the value, the defendants had the burden to show, first, what particular property had been unlawfully seized and taken from the defendants' possession; and, second, establish the value of such property by competent evidence. As we have seen, the value could not, under the circumstances of this case, be established by any admissions or allegations contained in the pleadings. We think that the fact that the defendants deemed it expedient to remit from the verdict all in excess of $1,500 and interest, as representing the value of the property in controversy, operates as an admission that no evidence was introduced tending to fix a value upon the property described in the sheriff's return. However this may be, we are prepared to hold, after a careful consideration of the entire record, that the trial court did not err in holding that the verdict is without support in the evidence upon the point of value. We cannot discover a scintilla of evidence in this record which bears upon the question of the value of the specfic property seized by the sheriff and described in his return, at the time of its seizure. The order appealed from will be affirmed. All the judges concurring.
(82 N. W. Rep. 748.)